UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WORKING WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY,<br><br>　　　　　　　　Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Working Washington, by way of complaint against Defendant Central Puget Sound Regional Transit Authority, asserts as follows:

**PARTIES**

1. Plaintiff Working Washington is a Washington based non-profit coalition of individuals, neighborhood associations, immigrant groups, civil rights organizations, people of faith, and labor united for good jobs and a fair economy.

2. Defendant Central Puget Sound Regional Transit Authority, commonly known as Sound Transit (hereafter "Sound Transit"), is a public transit system serving Snohomish, King and Pierce counties. It operates express bus, commuter rail, and light rail service in the region and constructs capital projects in support and expansion of those services. Included in the organizations which assist Sound Transit in operation of its public

COMPLAINT - 1

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

transit system is Clear Channel Outdoor (hereafter "Clear Channel"), a global advertising company. All acts, or failure to act, by Sound Transit and Clear Channel, as set forth in this Complaint, were on behalf of and for the benefit of Defendant Sound Transit and within the course and scope of their authority to act, or not act, on behalf of Defendant Sound Transit

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (a)(3) (civil rights jurisdiction), as this is an action to redress deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Plaintiff Working Washington seeks remedies under 42 U.S.C. §§ 1983 and 1988 (protection of constitutional rights), Fed. R. Civ. P. 65 (injunctive relief), and 28 U.S.C. §§ 2201 2202 and Fed R. Civ. P. 57 (declaratory relief.)

4. This Court has personal jurisdiction over Defendant Sound Transit because it resides, is found, has agents, and transacts business in this Judicial District.

5. Venue is proper in this Court and this Judicial District, pursuant to 28 U.S.C. § 1391, because Defendant Sound Transit's acts in violation of the United States Constitution have arisen and continue to arise in this Judicial District.

## STATEMENT OF FACTS

6. Defendant Sound Transit has a long and established practice of publishing a wide variety and spectrum of advertisements containing non-commercial speech.

7. Additionally, at least as of July 29, 2011, and at all times relevant to this matter, Defendant Sound Transit had in place Administrative Policies and Procedures No. 35,

COMPLAINT - 2

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

a policy regarding its "Advertising Standards" for placement of advertisements on its public transit vehicles (hereafter "Advertising Policy").  Defendant Sound Transit administered and administers this policy, in part, through its agent, Clear Channel.  Clear Channel, at all times relevant to this matter, was Defendant Sound Transit's agent and was acting on its behalf and within the scope of its authority regarding the matters set forth in this Complaint.

8. By virtue of this established practice and through implementation of its Advertising Policy, Defendant Sound Transit's public transit vehicles are a designated public forum.

9. On or about February 3, 2012, Plaintiff Working Washington contacted Defendant Sound Transit's agent, Clear Channel, for the purpose of placing a paid advertisement on the interior of selected light rail trains.

10. On or about March 16, 2012, Working Washington provided Clear Channel with a copy of the advertisement it sought to run.  The proposed advertisement contains the tagline, "Let's Make All Airport Jobs Good Jobs."

11. This advertisement was and is intended to draw public attention to the problem of low wage jobs at Seattle-Tacoma International Airport ("Sea-Tac Airport") by highlighting the difference between "first class" and "coach class" airline passengers, on the one hand, and "poverty class" workers employed at Sea-Tac Airport on the other.  As an illustration of this "poverty class" of workers, the advertisement features a photograph of a skycap named Hosea Wilcox, who is identified in the advertisement as receiving only "minimum wage" after having been employed at Sea-Tac for 31 years.

COMPLAINT - 3

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

12. Publication of this advertisement in and on its public transit vehicles was authorized by and consistent with Defendant Sound Transit's Advertising Policy.

13. Publication of this advertisement by Sound Transit was also consistent with Sound Transit's prior decisions relating to similar advertisements, including advertisements which it has previously run at Working Washington's behest.  For example, from October 17, 2011, through November 17, 2011, Sound Transit ran advertisements for Working Washington on its buses that bore the taglines, "Our Bridges Need Work.  So Do We." and "Stand Up for Good Jobs."

14. On February 28, 2012 Clear Channel generated a contract proposal for the publication of Plaintiff Working Washington's ad on Defendant Sound Transit's light rail interiors.  Specifically, Clear Channel offer to contract with Working Washington to post 30 20" x 30" light rail "direct apps" interior signs and 124 11" x 28 light rail "interior cards" in light rail vehicles commencing April 9, 2012, at a combined cost to Working Washington of $5,250.

15. Clear Channel also offered to handle certain production costs related to these interior signs, at a total cost of $1,037.42.

16. The Contract for Outdoor Bulletin Advertising was accepted and signed by Working Washington on March 6, 2012.

17. The TRANSIT Production QUOTE Form offer was accepted and signed by Working Washington on March 6, 2012.

18. Plaintiff Working Washington paid both of the contract amounts charged by Defendant Sound Transit on March 7, 2012.  In all other respects, Plaintiff Working

COMPLAINT - 4

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Washington has fully performed its obligations set forth in the contracts which it was presented by Clear Channel and which Plaintiff signed.

19. Subsequent to March 7, 2012, Clear Channel deposited the payments received by it from Plaintiff into its bank account.

20. On or about March 20, 2012, Sound Transit, through Clear Channel, changed its mind regarding the contract which it had previously entered into with Plaintiff. Specifically, on that date, Clear Channel informed Plaintiff that "Sound Transit is not allowing political type ads on their buses or trains."

21. Subsequent to that date, despite repeated requests by Plaintiff, Sound Transit has refused to accept or publish the "Let's Make All Airport Jobs Good Jobs," ad which it had previously agreed to accept.

## CAUSES OF ACTION

*Violation of the First Amendment of the United States Constitution*

22. Defendant Sound Transit's decision to not publish Plaintiff's "Let's Make All Airport Jobs Good Jobs," ad as promised violates the First Amendment of the United States Constitution (which is made applicable to state entities through the Fourteenth Amendment) as applied. Defendant Sound Transit's apparent reliance on its Advertising Policy as justification for its change of position violated the First Amendment of the United States Constitution (which is made applicable to the state entities through the Fourteenth Amendment) as applied and on its face.

23. Defendant Sound Transit's decision to not publish Plaintiff's "Let's Make All Airport Jobs Good Jobs," ad as promised caused irreparable injury to Plaintiff.

COMPLAINT - 5

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

*Declaratory Relief*

24. Defendant Sound Transit's violation of Plaintiff's First Amendment constitutional rights has created an actual controversy within this jurisdiction.

25. This Court should issue a declaration that (a) Defendant Sound Transit violated Plaintiff's First Amendment constitutional rights and (b) Plaintiff is entitled to immediate injunctive relief.

*Injunctive Relief*

26. As a direct and proximate result of Defendant Sound Transit's violation of Plaintiff's First Amendment rights, Plaintiff has been injured irreparably and has no adequate remedy at law.

27. Injunctive relief is appropriate in this action because (a) Plaintiff will likely prevail on its Violation of the First Amendment and Declaratory Relief causes of action; (b) Plaintiff will likely suffer irreparable harm without immediate injunctive relief; (c) the balance of equities presented by this controversy are in favor of Plaintiff; and (d) injunctive relief is in the public interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Working Washington respectfully request that this Court:

1. Declare that Defendant Sound Transit's decision to not publish Plaintiff's "Let's Make All Airport Jobs Good Jobs," ad as promised violates the First Amendment of the United States Constitution as applied;

2. Issue a preliminary injunction against Defendant Sound Transit immediately and order that it begin to publish Plaintiff's ad, as submitted and previously approved;

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1. 3. Award Plaintiff its reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988; and

4. Order such other relief as this Court deems fair, just, and equitable.

DATED this 4th day of April, 2012.

>By: s/Dmitri Iglitzin
> Dmitri Iglitzin, WSBA No. 17673
> Schwerin Campbell Barnard Iglitzin & Lavitt LLP
> 18 West Mercer Street, Ste 400
> Seattle, WA 98119-3971
> Ph.   (206) 257-6003
> Fax  (206) 257-6038
> *Iglitzin@workerlaw.com*
>
> *Counsel for Working Washington*

COMPLAINT - 7

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT, LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828